O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

NAREK DAVTIAN,

               Plaintiff,

    v.

JAGUAR LAND ROVER NORTH
AMERICA LLC,

               Defendant.

_____

Case No. CV 14-05417 DDP (Ex)

**ORDER GRANTING PLAINTIFF'S MOTION
FOR ATTORNEY'S FEES IN PART AND
DENYING THE MOTION IN PART**

Presently before the court is Plaintiff's Motion for Attorney's Fees.  Having considered the submissions of the parties and heard oral argument, the court grants the motion in part, denies the motion in part, and adopts the following Order.

**I.   Background**

Plaintiff's Complaint, originally filed in state court and then removed to this court on the basis of diversity jurisdiction, alleged a single "lemon law" cause of action under California's Song-Beverly Consumer Warrant Act ("Song Beverly").  Cal. Civ. Code § 1790 <u>et</u> <u>seq</u>.  Plaintiff alleged that a vehicle he had leased was

defective, and that Defendant failed to remedy the problems after several repair attempts.  Ultimately, on the eve of trial, and with the assistance of this Court, the parties settled.  The settlement agreement provided that Defendant would pay $17,750, plus Plaintiff's "reasonably incurred attorney's fees, costs, and expenses pursuant to California Civil Code Section 1794(d) in an amount to be determined by the Court by motion." (Declaration of Erika N. Kavicky in Support of Motion, Ex. N at 5.)  Plaintiff now moves for attorney's fees.

## II.  Legal Standard

In a diversity action, this court applies state law in the method of calculating attorneys' fees.  Mangold v. California Public Utilities Commission, 67 F.3d 1470, 1478 (9th Cir. 1995). Song Beverly entitles a prevailing plaintiff to recover " a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of [the] action."  Cal. Civ. Code § 1794(d).  The reviewing court must determine "whether under all the circumstances of the case the amount of actual time expended and the monetary charge being made for the time expended are reasonable."  Nightingale v. Hyundai Motor Am., 31 Cal. App. 4th 99, 104 (1994).  Relevant circumstances include the complexity of the case, the skill demonstrated in prosecuting the case, and the results achieved.  Id.  If the time expended or the money charged are not reasonable, the reviewing court must award fees in a lesser amount than that sought.  Id.  The plaintiff bears the burden of demonstrating that the fees sought were allowable,

reasonably necessary to the conduct of the litigation, and reasonable in amount.  <u>Karapetian v. Kia Motors Am., Inc.</u>, 970 F.Supp.2d 1032, 1036 (C.D. Cal. 2013).

## III. Discussion

The "lodestar" method is appropriate to fee motions pursuant to Section 1794(d).  <u>Doppes v. Bentley Motors, Inc.</u>, 174 Cal.App.4th 967, 997 (2009).  The court must first determine a figure based upon actual time spent and reasonable hourly compensation, then augment or reduce that figure by taking various factors into account, such as the complexity of the issues presented and the results achieved.  <u>Id.</u> at 998; <u>Nightingale</u>, 31 Cal.App.4th at 104.  The court is satisfied that the rates sought by Plaintiff are reasonable in comparison with rates charged in the Los Angeles area for similar work.  (Kavicky Decl. ¶¶ 38 ,40.)[1] Plaintiff contends that counsel expended 740.2 hours on this matter, for which they seek $195,125.00 in fees.[2]

This Court may, in its discretion, reduce a fee award where the fees incurred were not reasonable, such as where a case is overlitigated.  <u>Karapetian</u>, 970 F.Supp.2d at 1036.  At first blush, that appears to be the case here.  The issue here was not complicated, and involved a relatively simple vehicle suspension problem related to a compressor and a fuse.  Nevertheless, eight

---

[1] Although the Kavicky declaration includes information about rates charged in various communities throughout California, it does include examples of rates in the Los Angeles area sufficient to establish the reasonableness of Plaintiff's counsel's rates.

[2] Although counsel claim they expended 740.2 hours, they do not seek payment for 28.8 of those "no charged" hours.  (Kavicky Decl. ¶ 6, Ex. A at 34.)

1    different Plaintiff's lawyers from the Bickel Firm worked on this
2    case in some capacity.[3]  Collectively, they billed enough hours to
3    fully occupy one attorney for over four months.

4         Furthermore, although Plaintiff's counsel have provided
5    billing records in connection with the instant motion, the
6    credibility of counsel's representations regarding the necessity of
7    the items billed and the time required to complete those tasks is
8    weakened by the nature of counsel's fee arrangement with Plaintiff.
9    Counsel's standard retainer agreement requires clients such as
10   Plaintiff to pay a flat fee of $2,000, even though counsel will
11   also recover for their actual expenses from defendants.
12   (Declaration of Richard Stuhlbarg, Ex. 17 at 1.)  Counsel retain
13   the discretion however, regardless of the client's wishes, "to
14   refuse to submit to fee motion to the Court for determination."
15   (Id. at 2.)  If a client, absent counsel's approval, accepts a
16   settlement which includes a provision for submission of fees and
17   costs to the court, "Law Firm shall have a lien on Client's
18   recovery for the full amount of fees, costs, and expenses billed or
19   advanced by Law Firm, regardless of the amount awarded by the
20   Court." (Id. at 3.)  If a client accepts a settlement offer that
21   does not cover counsel's costs, the client "will remain obligated
22   to pay Law Firm for all unrecovered costs and expenses." (Id. at
23   2.)  Thus, despite counsel's representations that they perform
24   contingent work, that does not appear to be the case.  Counsel's
25
26        [3] Although eight different attorneys worked on this case for
27   Plaintiff, Plaintiff's counsel's firm "no charged" all of the time
     billed by two of those attorneys.  Plaintiff seeks fees for 711.4
28   hours billed by six attorneys.  Nearly 75 percent of those hours
     were billed by attorney Isaac Agyeman.  (Kavicky Decl., Ex. C.)

firm's retainer agreement is structured in a way that guarantees
that counsel will be paid, either by a defendant or by the client,
for all costs and fees.  Such an arrangement creates obvious
disincentives to litigate efficiently, let alone settle a case in
its early stages.

    The court's review of Plaintiff's billing records is further
complicated by counsel's block-billed entries, particularly those
of attorney Isaac Agyeman.  See, e.g., Gordillo v. Ford Motor Co.,
No. 11-CV-01786 MJS, 2014 WL 2801243 at *3 (reducing by half vague,
block-billed entry).  Counsel's entries, in some cases, lump
together over a dozen tasks, some as vague or seemingly unnecessary
as "Receive e-mail from opposing counsel regarding potential
settlement."  (Kavicky Decl., Ex. A at 15, 23.)  The court finds
40.6 of attorney Agyeman's hours impossible to verify due to
vagueness and the block-billed nature of the entries.  The court
further finds 49.2 of the hours billed by attorney Agyeman as
unnecessary or duplicative, many of them involving redundant
meetings with other lawyers and, in particular, excessive time
spent opposing motions in limine and preparing for oral argument.
The court also finds 3.2 hours billed by attorney Kyle Fellenz for
meeting with other lawyers to be duplicative and unnecessary.
Attorney Carol McBirney also billed 20.2 unjustifiable hours for
trial preparation, particularly in light of the simplicity of the
issues in this case, with which attorney Agyeman was sufficiently
well-versed to try the case unaided.  Counsel's paralegals also
appear to have spent an unreasonable amount of time scanning
documents, meriting a 2.1 hour decrease in the paralegal time
billed.

Lastly, the court finds it appropriate to reduce the fees awarded for attorney travel time.  Although the court would typically award fees for attorney travel time, Plaintiff has provided no explanation why he could not obtain counsel in the Los Angeles area, and instead retained a San Diego-based firm.  Indeed, Plaintiff's own submissions establish that there are experienced lemon law lawyers in the Los Angeles area who would not have had to travel such great distances to attend court proceedings and vehicle inspections.  Accordingly, the court reduces the fee award by $8,500.[4]  All told, the court finds that Plaintiff has failed to demonstrate that $37,783.90 of the $195,125.00 sought was reasonably incurred.  The court therefore awards Plaintiff $157,341.10 in fees and $29,373.02 in costs, for a total of $186,714.12.

Defendant submits that a total award of approximately $20,000 is appropriate.  (Opposition at 20.)  As noted above, the issues here were not complex.  And, as Defendant points out, Plaintiff's $17,750 recovery was hardly an "outstanding result."  (Mot. at 4:2.)  Contrary to Plaintiff's counsel's representation, the settlement did not entitle Plaintiff to retain possession of a $65,000 vehicle.  (Mot. at 4.)  Although resolution of some lemon law suits may allow some plaintiffs to keep their vehicles, the vehicle at issue here was leased.  Indeed, Plaintiff's lease

---

[4] The court will also reduce the costs awarded by $3,236.59 for travel-related costs that would not have been incurred by local counsel.

1    payments on the allegedly defective vehicle significantly exceeded
2    the amount of his monetary recovery.[5]

3        Defendant, however, bears some responsibility for protracting
4    this matter.  The parties appear to have been close to a settlement
5    as early as August 2015, on financial terms not significantly
6    different from those ultimately reached.  At that point,
7    Plaintiff's fees were less than 65% of those ultimately sought.
8    Defendant, however, refused to agree to fairly standard "prevailing
9    party" language, apparently because it wished to preserve an
10   argument that Plaintiff is not entitled to any attorney's fees at
11   all.  (Stuhlbarg Decl., Exs. 32, 35.)  Although the parties
12   ultimately agreed that Plaintiff had met the requirements of
13   California Civil Code Section 1794(d), the delay in agreeing to
14   that term cannot be laid solely at Plaintiff's feet.[6]  Furthermore,
15   although Defendant asks that the court award fees for only one
16   hundred hours of work (Opp. at 20:21), the court learned at oral
17   argument that Defendant's counsel themselves billed approximately
18   600 hours on this matter.  In light of that fact, the parties'
19   joint responsibility for prolonging these proceedings, and the
20   totality of the circumstances, an award significantly higher than
21   that suggested by Defendants is appropriate.

22   **IV.  Conclusion**

23   ────────────────

24       [5] For these reasons, the court declines to apply a positive
     multiplier to the award.  <u>See</u>, <u>e.g.</u> <u>Ketchum v. Moses</u>, 24 Cal. 4th
25   1122, 1139 (2001) ("[A] trial court should award a multiplier for
     exceptional representation only when the quality of representation
26   far exceeds the quality of representation that would have been
     provided by an attorney of comparable skill and experience . . .
27   .").

28       [6] The court notes, however, that the nature of Plaintiff's fee
     arrangement with counsel may well have affected his calculus.

For the reasons stated above, Plaintiff's motion is GRANTED in part and DENIED in part.  The court awards Plaintiff $157,341.10 in fees and $29,373.02 in costs, for a total of $186,714.12.

IT IS SO ORDERED.

Dated: March 3, 2017

DEAN D. PREGERSON
United States District Judge